**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HERBERT L. BUCHANAN, | DOCKET NUMBER |
| Appellant, | DA-0752-12-0008-B-2 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: November 10, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sammi Wilmoth, Esquire, Fayetteville, Arkansas, for the appellant.

Susan L. LaSalle, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the remand initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant filed an appeal from the agency's action removing him from the position of City Letter Carrier with the U.S. Postal Service based on misconduct. MSPB Docket No. DA-0752-12-0008-I-1 (I-1), Initial Appeal File (IAF), Tab 1, Tab 5 at 72.  The record reflects that the appellant was investigated after the Data Mining Group of the Office of Inspector General (OIG) notified the agency that the appellant may have been involved with theft of mail.  The agency alleged that an investigation determined that in November 2010, Wal-Mart mailed promotional gift cards valued at $5.00 each to residents of Springdale, Arkansas. *Id*.  Recipients of the cards were required to call a Wal-Mart telephone number to activate them prior to use.  The agency alleged that records disclosed that the appellant activated 22 of the gift cards from his cellular telephone.  Wal-Mart receipts reflect that the appellant redeemed and converted 12 of those gift cards for his personal use.  *Id*.  The proposal notice also stated that, during the investigatory interview the appellant admitted that he took the Wal-Mart gift cards from mailings sent through the Springdale post office that were in a mail tub in his mail truck.  The appellant acknowledged that he should have returned the cards to the office for disposal as undeliverable bulk business mail (UBBM).

The proposal notice alleged further that the appellant admitted activating some of the cards from his personal cell phone and that he made personal purchases at the Wal-Mart stores in Fayetteville and Springdale. *Id.* The appellant's employment was terminated effective October 3, 2011. *See* IAF, Tab 4 at 65-68, Tab 5 at 72.

¶3    On appeal, the administrative judge sustained the charged misconduct and affirmed the appellant's removal, finding that the agency proved that the appellant retrieved Wal-Mart cards from the mail and activated them for his personal use, and that the appellant failed to prove his affirmative defenses. IAF, Tab 28, Initial Decision (ID) at 6. The appellant filed a petition for review in which he argued that the agency violated his right to due process and, in the alternative, that the agency committed harmful procedural error. IAF, Tab 27 at 11; I-1, Petition for Review (PFR) File, Tab 1 at 12. Specifically, the appellant argued that the agency erred because it did not provide him the opportunity to review the evidence it relied on in reaching its removal decision. *Id.* at 12. In particular, the appellant asserted that the agency did not provide him the OIG report or the ex parte comparator information that the deciding official considered when making the determination to remove him. *Id.*

¶4    The Board remanded the case for the administrative judge to determine whether the agency provided the appellant all of the information relied on in the determination to remove him, including the OIG report and the comparator information, prior to the appellant's response to the notice of removal. On remand, the administrative judge found that the agency provided the appellant with all of the information relied on in the determination to remove him including: (a) the OIG report considered by the deciding official; (b) the comparator information received from Labor Relations and considered by the deciding official; and (c) the information received from the proposing official by the deciding official regarding the appellant's work history and potential for rehabilitation, prior to the appellant's response to the removal notice. MSPB

Docket No. DA-0752-12-0008-B-2 (B-2), Remand Initial Decision (RID) at 2-8. The appellant has filed a petition for review of the remand initial decision.

¶5    On review, the appellant challenges the administrative judge's findings and he argues that the removal action should be reversed or, in the alternative, that the penalty should be mitigated to a suspension.  B-2, Remand Petition for Review (RPFR) File, Tab 3.  We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence; however, the applicable law and the record evidence support the administrative judge's findings that the agency provided the appellant with all of the information relied on in the determination to remove him.  Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶6    Specifically, the appellant contends that the administrative judge did not sufficiently consider and address all of the credibility factors when making his credibility determinations.  RPFR File, Tab 3 at 9-12.  The appellant asserts that his version of what transpired on August 8, 2011, the date the agency claims that his union representative was provided a copy of the OIG report, is more credible than the agency's testimony.  RPFR File, Tab 3 at 9-12.  The appellant contends that his union representative consistently testified through two hearings that he did not see the OIG report prior to filing the grievance on August 25, 2011.  *Id*.  Similarly, the appellant argues that the comparator information was not provided prior to his response to the agency's action and that the earliest possible time that potential comparators may have been mentioned was at the August 10th meeting, and then it was only a general reference to another employee who was not identified.  RPFR File, Tab 3 at 12-13.

¶7　　　However, while the administrative judge may not have addressed every statement made during the hearing, the administrative judge did make explicit credibility determinations based on the deciding official's demeanor, and he relied on documentary evidence supporting that testimony in finding that the agency's version of what transpired is more credible than the appellant's version. RID at 3-8.　The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.　*See Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (the Board may overturn credibility determinations that are implicitly or explicitly based on demeanor only when it has "sufficiently sound" reasons for doing so).

¶8　　　Here, the administrative judge thoroughly reviewed the evidence and the hearing testimony and cited to *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987),[2] in setting forth his credibility determinations.　*See* RID at 4. Specifically, the administrative judge credited the deciding official's testimony over the appellant's version of events, finding that the deciding official's testimony was straightforward and consistent.　RID at 3-4.

¶9　　　Further, the administrative judge considered all of the evidence and found it more plausible that the appellant received the OIG investigation report on August 8, 2010, as the proposing official testified.　The administrative judge

---

[2] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458.

found further that the appellant provided no evidence that the deciding official considered any comparator that the appellant was unaware of, and, while the appellant may not have known of the comparator at the beginning of the August 10, 2010 meeting, the appellant was aware of the comparator before the meeting ended. RID at 5. In addition, the administrative judge found that the appellant failed to show that the agency considered any comparator who was not disclosed to him. RID at 5. Thus, the administrative judge thoroughly addressed his credibility determinations in the remand initial decision and we discern no reason to disturb those well-reasoned findings. *See Crosby*, 74 M.S.P.R. at 105-06.

¶10 The appellant also challenges the administrative judge's findings regarding the ex parte conversation that occurred between the proposing and deciding officials. Specifically, the appellant argues that a conversation between the proposing and deciding officials contained new information, i.e., information from the OIG report and comparator information, which he was not aware of at the time he responded to the charged misconduct. RPFR File, Tab 3 at 14/24. The appellant reasserts that this conversation constituted a due process violation and that the removal should be reversed in its entirety. RPFR File, Tab 3 at 16-20. However, the administrative judge found that the only topic discussed during this conversation was that the appellant was a good employee with no prior discipline. RID at 6. While the appellant may not have been aware of this discussion prior to the August 10, 2011 meeting, the administrative judge found that it did not constitute an improper ex parte conversation. RID at 6. Specifically, the administrative judge found that, because the proposal notice indicated that the appellant's lack of prior discipline was considered, the appellant failed to establish that an ex parte conversation, the contents of which he was unaware before the August 10, 2011 meeting, had occurred. RID at 6.

¶11 The administrative judge found further that, even assuming arguendo that the agency did not provide the appellant with information relied on by the deciding

official in making his determination to remove the appellant, the deciding official's reliance on this information did not rise to the level of a due process violation. RID at 7. Here, the OIG report revealed that the appellant took Wal-Mart cards from a mail tub in his truck, activated 22 cards and converted 12 cards for his personal use, conduct which the appellant admitted and acknowledged was wrong. Because the appellant had already admitted to the misconduct, the administrative judge found nothing in the record to indicate that the OIG report provided new information to the deciding official, information to which the appellant was not provided the opportunity to respond. RID at 7. The administrative judge also found no indication that the ex parte communication placed undue pressure on the deciding official to rule in a particular manner. RID at 7-8. Nor did the administrative judge find any evidence that would support a finding that the deciding official was improperly influenced by information obtained from the OIG report, consideration of the appellant's prior work history, or that there was a postmaster who engaged in similar misconduct and resigned. Thus, the administrative judge found that the appellant failed to show that the agency violated his due process rights. While the appellant challenges the administrative judge's findings and reasserts the arguments he raised below, the appellant has shown no basis upon which to disturb the administrative judge's well-reasoned findings and determinations.

¶12     The appellant also argues that, although the agency claimed below that there was only one comparator, testimony during the hearing indicated that other potential comparators existed. RPFR, File, Tab 3 at 15. However, as to whether other comparators existed, the deciding official credibly testified that the only comparator he was aware of and that he considered when making his decision is the one comparator identified to the appellant during the August 10, 2011 meeting. Even though the appellant argues on review that there were other potential comparators, the appellant has provided no evidence that the agency considered any comparators not identified to him. Thus, the administrative judge

correctly found that the appellant has failed to show a violation of his due process rights.

¶13 The appellant also argues that, in the alternative, even if there is no due process violation, the agency committed harmful procedural error and the removal penalty should be mitigated to a suspension. RPFR File, Tab 3 at 20-22. However, harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

¶14 Here, the appellant admitted the misconduct cited in the OIG report, he was advised of the one comparator the agency considered in deciding to remove him, and the deciding official considered his lack of a disciplinary record. Further, the deciding official considered the entire evidentiary record and concluded that the appellant's misconduct was very serious and that removal was warranted. While the appellant continues to argue that the agency committed harmful error, he has made no showing that, even in the absence of the agency's failure to disclose the OIG investigative report, the outcome would have been different. Accordingly, the appellant has shown no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.